IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RANDALL L. JOHNSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> _____ ) | No. 3:10-CV-06323-HU <br><br> OPINION AND ORDER ADOPTING <br> FINDINGS & RECOMMENDATION |

**SIMON, District Judge.**

Plaintiff Randall L. Johnson seeks judicial review of the Commissioner's final decision denying his application for Disability Insurance ("DI") benefits under Title II of the Social Security Act and Supplemental Security Income ("SSI") under Title XVI of the Act. The plaintiff and the Commissioner agree that the Administrative Law Judge ("ALJ") erred in his treatment of the opinions of Dr. McConochie and Dr. Gizara, and that he also erred in his determination that the plaintiff's testimony was not credible. The Commissioner has moved to remand the plaintiff's case for further proceedings, while the plaintiff has requested a remand for immediate calculation and award of benefits.

On February 17, 2012, Magistrate Judge Dennis Hubel issued findings and recommended that the Commissioner's decision be reversed and remanded for the immediate calculation and award of benefits (#26). Neither party has filed objections to Judge Hubel's findings and recommendation.

Under the Federal Magistrates Act, the court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Federal Magistrates Act, 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). If, however, no objections are filed, the Magistrates Act does not prescribe any standard of review. In such cases, "[t]here is no indication that Congress, in enacting [the Magistrates Act], intended to require a district judge to review a magistrate's report[.]" *Thomas v. Arn*, 474 U.S. 140, 152 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied*, 540 U.S. 900 (2003) (the court must review *de novo* the magistrate's findings and recommendations if objection is made, "but not otherwise").

Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Federal Rule of Civil Procedure 72(b) recommend that "[w]hen no timely objection is filed," the court review the magistrate's findings and recommendations for "clear error on the face of the record."

No party having made objections, this court follows the recommendation of the Advisory Committee and reviews Magistrate Judge Hubel's findings and recommendation for clear error

OPINION & ORDER – Page 2

on the face of the record. No such error is apparent. Therefore the court orders that Judge Hubel's findings and recommendation (#26) is ADOPTED. The case is REVERSED and REMANDED, pursuant to sentence four of 42 U.S.C. § 405(g), for the immediate calculation and award of benefits.

Dated this 9th day of March, 2012.

Michael H. Simon
United States District Judge

OPINION & ORDER – Page 3